## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY L. SHAFFER, *et al.*,                                )
                                                          )
                               Plaintiffs,                )        Civil Action No. 22-124E
                                                          )
                    v.                                    )        Judge Cathy Bissoon
                                                          )
PRESQUE ISLE DOWNS                                        )
& CASINO, *et al.*,                                       )
                                                          )
                               Defendants.                )

## <u>ORDER</u>

The Pennsylvania State Police's Motion to Dismiss (Doc. 5) will be granted, the Court

will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and the case

will be remanded to state court.

This case involves the tragic slaying of Plaintiffs' decedent, by her boyfriend,

Luis Rodriguez. Rodriguez since has been convicted of homicide, and is serving life in prison

without the possibility of parole. *See* Compl. (Doc. 1-2) at ¶¶ 31-33.

Both Decedent and Rodriguez were employed at the Presque Isle Downs & Casino.

*Id.* at ¶¶ 34-35. Approximately seven months prior to the murder, Rodriguez threatened a fellow

co-worker, and social acquaintance of Decedent, Gerry Brooks. Brooks did not have an intimate

relationship with Decedent, but Rodriguez suspected otherwise, and became jealous.

*Id.* at ¶¶ 42-43. Rodriguez sent threatening texts to Brooks, and transmitted a "selfie"

photograph of himself, holding a handgun in front of Brooks's condominium. *Id.* The State

Police were called, and two unidentified troopers conducted an investigation. *See id.* at ¶¶ 57-79.

After interviewing both Brooks and Rodriguez, the troopers accepted Rodriguez's assurances

that he would cease his threatening behavior, and no charges were filed. *Id.* at ¶ 69-70. According to the Complaint, had the troopers run a criminal background check on Rodriguez, they would have discovered that he had a prior felony gun charge. *See id.* at ¶¶ 62-63.

Plaintiffs filed their Complaint in state court, alleging negligence-based claims against the many Defendants. Diversity of citizenship is lacking, and the case was removed based on Plaintiffs' single federal claim, against the State Police, for violating Decedent's right to equal protection. *See id.* at Count XXI. The State Police have filed a Motion to Dismiss, Plaintiffs' deadline for responding long has passed and no opposition has been filed.

Defense counsel are correct that the State Police is not a "person," within the meaning of 42 U.S.C. § 1983. Poteat v. Lydon, 2022 WL 1607457, *8 (E.D. Pa. May 20, 2022) (citations omitted). This deficiency cannot be cured by amendment. *See* Smith v. Franklin Cty. Court of Common Pleas, 2021 WL 5330753, *2-3 (M.D. Pa. Nov. 16, 2021) (holding same).

As for putative additional defendants, Plaintiffs have not identified the troopers in question, nor have they expressed any intention to do so. Having not responded to the Motion to Dismiss, moreover, they obviously have not requested leave to amend.

Even were amendment sought, it would be futile, because there is "no constitutional right to the [criminal] investigation or prosecution of another" person. Sanders v. Downs, 420 Fed. Appx. 175, 180 (3d Cir. Mar. 22, 2011) (citation to binding authority omitted); *see also* Tyler v. Allegheny Cty., 2021 WL 1197641, *6 (W.D. Pa. Mar. 30, 2021) (holding same, within context of equal protection). Nor have Plaintiffs demonstrated that Decedent was a member of a protected class, or that she was treated differently than person(s) similarly-situated in all relevant respects. *See* Montecalvo v. North Franklin Twp., 2019 WL 2579973, *6 (W.D. Pa. Jun. 24,

2019).  Finally, *Monell* liability cannot attach given the lack of underlying liability.  *See* Johnson v. City of Philadelphia, 837 F.3d 343, 354 n.58 (3d Cir. 2016) (citation omitted).

Because the Court will dismiss with prejudice the only federal claim, it "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original, citation to quoted source omitted). Those considerations are absent here, and – to the extent that any may present – they fall well short of the "extraordinary circumstances" warranting an exercise of supplemental jurisdiction. *See* Bright v. Westmoreland Cty., 380 F.3d 729, 751 (3d Cir. 2004).  Accordingly, Plaintiffs' remaining claims will be remanded to state court.  *See, e.g.*, Burton v. Clinger, 2021 WL 927512, at *3 (W.D. Pa. Mar. 11, 2021) (holding same under analogous circumstances).

Consistent with the foregoing, the State Police's Motion to Dismiss (**Doc. 5**) is **GRANTED**, and the claim against it is **DISMISSED WITH PREJUDICE**.  The PID Defendants' Motion to Dismiss (**Doc. 12**) is **DENIED**, without prejudice to renewal before the state tribunal.  This case is **REMANDED FORTHWITH** to the Court of Common Pleas of Erie County, Pennsylvania (No. 12410-2020).

IT IS SO ORDERED.

November 14, 2022                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record